NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0082n.06

No. 23-5493

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| ROBERT HOLMAN, | ) | **FILED** |
| Plaintiff-Appellant, | ) | Feb 11, 2026 |
| | ) | KELLY L. STEPHENS, Clerk |
| v. | ) | |
| | ) | ON APPEAL FROM THE |
| BROOKE ROLLINS, in her official capacity as | ) | UNITED STATES DISTRICT |
| Secretary of the United States Department of | ) | COURT FOR THE WESTERN |
| Agriculture; ZACH DUCHENEAUX, in his official | ) | DISTRICT OF TENNESSEE |
| capacity as Administrator of the Farm Service | ) | |
| Agency, | ) | OPINION |
| Defendants-Appellees. | ) | |

Before: STRANCH, LARSEN, and DAVIS, Circuit Judges.

PER CURIAM. Robert Holman obtained a preliminary injunction pausing a debt-relief program created by Congress for "socially disadvantaged" farmers and ranchers. After Holman obtained a preliminary injunction, Congress repealed the program. Holman seeks fees associated with the litigation under the Equal Access to Justice Act. The district court denied the fee request because Holman was not a "prevailing party" under the Act. Holman appeals. We AFFIRM.

I.

Section 1005 of the American Rescue Plan Act authorized the Secretary of the United States Department of Agriculture (USDA) to "provide a payment in an amount up to 120 percent of the outstanding indebtedness of each socially disadvantaged farmer or rancher as of January 1, 2021, to pay off [direct and guaranteed farm loans]." Pub. L. No. 117-2, § 1005(a)(2) (2021). USDA defined "socially disadvantaged" based on race, extending debt relief to Black, American

Indian/Alaskan Native, Hispanic, Asian, or Hawaiian/Pacific Islander farmers and ranchers, with no consideration of need. 86 Fed. Reg. 28,329, 28,330 (May 26, 2021). Holman, who does not fall into any of the above racial categories, sued and obtained a preliminary injunction, temporarily enjoining the implementation of the debt-relief program. Congress then repealed Section 1005 through the Inflation Reduction Act. Pub. L. No. 117-169, § 22008 (2022). That mooted the case, and the parties stipulated to dismissal.

Holman then moved for fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Under that statute, a "prevailing party" in a civil case against the United States is entitled to fees and costs unless the government's position was "substantially justified" or "special circumstances make an award unjust." *Id.* § 2412(d)(1)(A). The district court denied Holman's motion because he was not a "prevailing party" under the EAJA. *Holman v. Vilsack*, 2023 WL 2776733, at *2 n.2, *4 (W.D. Tenn. Apr. 4, 2023). Holman appealed. This panel affirmed, with one judge dissenting. *See Holman v. Vilsack*, 117 F.4th 906, 909 (6th Cir. 2024); *id.* at 917 (Larsen, J., dissenting). Holman petitioned for a writ of certiorari. The Supreme Court granted the petition, vacated this court's judgment, and remanded for reconsideration in light of *Lackey v. Stinnie*, 604 U.S. 192 (2025). *See Holman v. Rollins*, -- S. Ct. --, 2025 WL 3620423, at *1 (2025) (mem.).

II.

In *Lackey*, the Supreme Court concluded that obtaining a preliminary injunction does not "confer prevailing party status" on a party for attorneys' fees purposes. 604 U.S. at 201. "[P]reliminary injunctions do not conclusively resolve the rights of parties on the merits . . . ." *Id.* So "[a] plaintiff who secures a preliminary injunction has achieved only temporary success at an intermediary stage of the suit," and "[i]t cannot yet be said that he will ultimately prevail when the matter is finally set to rest or that he will have successfully maintained his claim at the end." *Id.*

(citation modified). And, important for this case, "external events that render a dispute moot do not convert a temporary order designed to preserve the status of the parties into a conclusive adjudication of their rights." *Id.*

*Lackey* fully resolves Holman's appeal. Holman obtained a preliminary injunction temporarily enjoining the implementation of the challenged program. That injunction did not "conclusively resolve the rights of the parties on the merits." *Id.* Then, while the case was still proceeding, Congress repealed the program and mooted the case. This "external event[]" did not convert Holman's temporary relief into an adjudication of the merits. *See id.* at 201, 203. Accordingly, Holman is not a "prevailing party" under the EAJA, *id.* at 201, and he is not entitled to fees.

* * *

We AFFIRM.